UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAEWOO KIM, Individually and on Behalf
of All Others Similarly Situated,

No. 1:23-cv-02921

Plaintiff,

v.

Judge Nancy L. Maldonado

JUMP TRADING, LLC, and
KANAV KARIYA,

Defendants.

**DEFENDANTS' OPPOSED MOTION FOR AN EXTENSION OF TIME**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Defendants Jump Trading, LLC ("Jump Trading") and Kanav Kariya, by and through their undersigned counsel, respectfully request that the Court extend their responsive pleading deadline until after a decision on Defendants' forthcoming motion to transfer this action to the U.S. District Court for the Northern District of California.[1]

Nearly a year before Plaintiff filed this suit, on June 17, 2022, Plaintiff Nick Patterson filed a class action complaint in the U.S. District Court for the Northern District of California based on the same exact facts that are at issue in the complaint here. *Patterson v. Terraform Labs, Pte. Ltd., et al*, No. 3:22-cv-03600 (N.D. Cal. filed June 17, 2022). Both actions are based on the May 2022 failure of the Terra cryptocurrency ecosystem, which allegedly caused losses to both plaintiffs and their respective proposed classes. Both plaintiffs seek to represent a nationwide class of

---

[1] Plaintiff Taewoo Kim filed his complaint on May 9, 2023, alleging violations of the Commodities Exchange Act and unjust enrichment in connection with the collapse of the Terra cryptocurrency ecosystem on behalf of a putative class. On May 11, 2023, Plaintiff served the complaint on Jump Trading's registered agent. On May 19, 2023, counsel for Mr. Kariya advised Plaintiff's counsel that Mr. Kariya would waive formal service of process. Jump Trading's responsive pleading is therefore due on June 1, 2023, and Mr. Kariya's on July 18, 2023.

individuals who purchased cryptocurrency tokens from the Terra ecosystem. Both actions assert substantively identical claims (although different legal causes of action are asserted) based the same alleged misstatements, omissions, and actions related to the ecosystem.[2] The Lead Plaintiff in *Patterson* has twice amended the complaint and Defendants have filed a motion to dismiss the *Patterson* complaint and a motion to compel arbitration in that case. Should this case continue in the Northern District of Illinois, Defendants anticipate making a motion to dismiss Plaintiff's complaint and a motion to compel arbitration of the claims Plaintiff asserts.

Given the significant overlap between this action and *Patterson*, Defendants intend to file a motion to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Under section 1404(a), the court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This provision "was designed to prevent the situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts," as is occurring here with *Patterson* in the Northern District of California and *Kim* in this court. *See Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915–16 (N.D. Ill. 2009) (citation omitted). Defendants' motion to transfer venue thus will seek to avoid "inefficient use of the parties' and judiciary's resources." *See Aliano v. Quaker Oats Co.*, 2017 WL 56638, at *3 (N.D. Ill. Jan. 4, 2017). Defendants request that they be allowed to file their motion to transfer venue by June 9, 2023, with Plaintiff's opposition due on June 30, 2023, and Defendants' reply due on July 17, 2023.

---

[2] While Plaintiff Kim has also sued Mr. Kariya, who is President of Jump Crypto, a division of the Jump Trading Group, the actions attributed to Mr. Kariya in the complaint mirror those in *Patterson*, with the *Patterson* Lead Plaintiff attempting to hold Jump Trading liable for those statements.

To likewise conserve the Court's and parties' resources, Defendants request that the Court extend their responsive pleading deadline until 30 days after a decision on their forthcoming motion to transfer venue. The Court may grant an extension for good cause, which is demonstrated here. *See* Fed. R. Civ. P. 6(b)(1). Defendants intend to file both a motion to dismiss Plaintiff's complaint and a motion to compel arbitration should their motion to transfer be denied. Absent an extension until after the motion to transfer venue is decided, Defendants will need to simultaneously brief and file three substantive motions. If the Court grants the motion to transfer venue, the motion to dismiss and motion to compel arbitration would be mooted. It is an inefficient use of the Court's docket and the parties' efforts to have three pending substantive motions where one may moot the others. This sequencing of motions will not cause significant delay in the case, as Defendants propose filing their responsive pleadings within 30 days of a decision on the motion to transfer venue and intend to file their motion to transfer venue well before the date on which Mr. Kariya would otherwise have to respond to the complaint.

Defendants promptly requested Plaintiff's consent to this sequencing of motions, who informed Defendants of the following position:

> Plaintiff is amenable to providing a reasonable extension of time for Defendants to respond to the Complaint so long as all motions responsive to the Complaint are filed simultaneously. Plaintiff objects to Defendants' proposal—that any motion to transfer venue by considered and resolved before Defendants file a motion to dismiss and/or compel arbitration. Bifurcating or otherwise splitting Defendants' multiple attempts to avoid having this action adjudicated by this Court—which is located in a District in which both Defendants are located—will needlessly delay the matter and burden the Court and parties. Moreover, Defendants' arguments to transfer venue have already been rejected, including based on reasoning that applies with even greater force here. *See Albright v. Terraform Labs, Pte. Ltd.*, No. 22-CV-07281 (JSR), 2022 WL 16985806 (S.D.N.Y. Nov. 15, 2022) (denying motion to transfer venue by Jump Trading and others because transfer to the Northern District of California would not further the goal of trial efficiency or the interests of justice). Defendants should not be permitted to delay responding substantively to the Complaint (which they will need to do regardless of the venue) so they can pursue a meritless motion to transfer venue. Plaintiff therefore respectfully requests

3

that this Court order Defendants to file all responses to the Complaint on a single date.

Defendants respectfully submit that Plaintiff's concern regarding delay is unwarranted—the Terra ecosystem collapsed in a year ago in May 2022, and since that time five cases have been filed in connection with the collapse: *Pearl v. Coinbase Global, Inc., et al.*, No. 3:22-cv-3561 (N.D. Cal.) on June 16, 2022; *Patterson* on June 17, 2022; *Albright v. Terraform Labs, Pte. Ltd., et al.*, No. 1:22-cv-07281 (S.D.N.Y.) on August 25, 2022;[3] *SEC v. Terraform Labs, Pte. Ltd., et al.*, 1:23-cv-01346 (S.D.N.Y.) on February 16, 2023; and *United States v. Kwon*, 1:23-cr-00151 (S.D.N.Y.) on March 23, 2023. Given the length of time that has passed in which Plaintiff could have brought this suit for losses that allegedly occurred a year ago, as demonstrated by the five cases filed in that time, Plaintiff's opposition to a short delay that is in the interests of judicial efficiency should be given little if any weight. Moreover, a short extension will not have a significant impact on the timeline of this case. In that regard, to minimize the impact of sequencing the briefing, Defendants have proposed a schedule that provides for completion of briefing on the motion to transfer *before* Mr. Kariya's responsive pleading would otherwise be due. In addition, if the motion to transfer is not granted, the motions to dismiss and compel arbitration are to be filed within 30 days of denial.

Further, Plaintiff's assertion that Defendants' motion to transfer will needlessly delay this case because the motion will certainly be denied given Judge Rakoff's decision in *Albright* should not be credited. This Court will conduct its own analysis and make its own determination on the merits of Defendants' motion to transfer this case, which is in a substantially different procedural posture compared to *Albright*. *Albright* was filed two months after *Patterson*, before a Lead Plaintiff had been selected in *Patterson*. Moreover, at the time *Albright* was filed Defendants had

---

[3] *Albright* was voluntarily dismissed on January 9, 2023.

4

not moved to dismiss or compel arbitration in *Patterson*. Now, however, *Patterson* has almost a year head start on this case. Three complaints have been filed in *Patterson*, as have motions to dismiss and to compel arbitration. Combined with the relative speed of the two districts—the Northern District of California's median time from filing to trial is 37.1 months, over a year shorter than the Northern District of Illinois' 53.5 months—there is no reason to expect that this case will precede *Patterson* to trial, unlike in *Albright*. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2023.pdf.

Judge Rakoff's second justification for denying transfer is also absent here—that *Albright*'s only claim, for federal racketeering, necessarily would be dismissed if transferred to the Northern District of California. *Patterson* asserts securities fraud under the Private Securities Litigation Reform Act ("PSLRA"), which precludes a plaintiff from bringing a racketeering claim for conduct actionable as securities fraud; as such, Judge Rakoff noted that were *Albright* transferred and consolidated with *Patterson Albright*'s racketeering claims would be preempted under the PSLRA. *Albright*, 2022 WL 16985806, at *2–*3, *5. There is no such issue here as Plaintiff's claims, while deficient for other reasons, are not racketeering claims automatically preempted by the PSLRA. And in any event, Judge Rakoff's focus on the specific causes of actions brought in *Albright* and *Patterson* cases does not comport with Seventh Circuit precedent, which requires courts to "consider the *substance* of a claim over the *form* when determining that a claim is duplicative" and instructs that claims are substantially similar when they are "based on the same underlying facts." *Jaramillo*, 664 F. Supp. 2d at 916 (emphasis added). Thus, Judge Rakoff's two main reasons for not transferring *Albright* to the Northern District of California—that *Albright* would proceed on a faster timeline and *Albright*'s claim would be precluded in the Northern

District of California—are not present here, and assuming that Defendants' motion to transfer will be denied based on *Albright* is unjustified.

This is Defendants' first request for extension of time in this action. This motion is made in good faith and not for the purposes of delay, and the requested extension does not prejudice any party but rather will conserve judicial and party resources.

## CONCLUSION AND REQUEST FOR RELIEF

For these reasons, Defendants respectfully request (1) that the Court permit them to file their anticipated motion to dismiss and motion to compel arbitration, if needed, within 30 days from a decision on Defendants' motion to transfer venue; and (2) that they be allowed to file their motion to transfer venue by June 9, 2023, with Plaintiff's opposition due on June 30, 2023, and Defendants' reply due on July 17, 2023. Should the Court deny Defendants' proposed sequencing of briefs, Defendants will meet and confer with Plaintiff regarding a proposed agreed-upon extended schedule for simultaneous filing of all three motions by both Defendants.

Dated:     May 23, 2023                    Respectfully submitted,


                                           /s/ Olivia St. Clair Long
                                           Olivia St. Clair Long (Bar No. 6301704)
                                           O. LONG LAW LLC
                                           820 Davis St., Suite 452
                                           Evanston, IL 60201
                                           Telephone: (847) 556-8846
                                           olivia@olonglaw.com

Jonathan Cogan
Steven W. Perlstein (*pro hac vice* forthcoming)
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
steven.perlstein@kobrekim.com
jonathan.cogan@kobrekim.com

*Attorneys for Defendant Jump Trading, LLC*


/s/ Miles Clark
Aitan Goelman (*pro hac vice* forthcoming)
R. Miles Clark (*pro hac vice* forthcoming)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Telephone: (212) 778-1800
agoelman@zuckerman.com
mclark@zuckerman.com

*Attorneys for Defendant Kanav Kariya*