UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAEWOO KIM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JUMP TRADING, LLC, and KANAV KARIYA,<br><br>Defendants. | No. 1:23-cv-02921<br><br>Judge Nancy L. Maldonado |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
OPPOSED MOTION FOR AN EXTENSION OF TIME**

Plaintiff Taewoo Kim, by and through his undersigned counsel, respectfully submits this opposition to Defendants Jump Trading, LLC ("Jump Trading") and Kanav Kariya's May 24, 2023 motion (the "Motion," ECF No. 11), in which Defendants request a bifurcated briefing schedule, under which they would first move to transfer venue, but would not be required to file a motion to dismiss and/or compel arbitration until after the motion to transfer venue is decided. While Plaintiff does not object to a reasonable extension of time for Defendants to file their answer or any motion responding to the Complaint, this case should not be held in abeyance pending resolution of a meritless transfer motion. In order to preserve judicial resources and permit the expeditious resolution of this matter, Defendants should file any response to the Complaint on a single date.[1]

---

[1] Exhibits refer to exhibits to the Declaration of Jordan A. Goldstein, filed concurrently herewith.

## BACKGROUND

This case concerns Defendants' alleged May 2021 manipulation of the prices of crypto-assets in the Terra ecosystem and Defendants' subsequent efforts to conceal their misconduct, even after the Terra ecosystem collapsed in May 2022. As alleged in the complaint, Defendants' misconduct was not publicly reported until February 2023. *See* Compl. ¶¶ 77–80, ECF No. 1 (May 9, 2023). Plaintiff commenced this action shortly thereafter, asserting claims for direct violations of the Commodity Exchange Act ("CEA"), aiding and abetting CEA violations by the operators of the Terra ecosystem, and unjust enrichment under Illinois common law. *See id.* ¶¶ 94–138. Plaintiff chose to file in this District because Defendant Jump Trading is headquartered in Chicago and Defendant Kariya resides in Illinois, because witnesses and evidence are located here, and because much of the misconduct occurred here. *See id.* ¶¶ 11–12, 17–18.

## ARGUMENT

Defendants' argument that this case should be transferred to the Northern District of California to be consolidated with a pending securities class action, *Patterson v. Terraform Labs, Pte. Ltd., et al*, No. 22-cv-3600 (N.D. Cal.), is likely to fail. Accordingly, staying Defendants' obligation to respond to the Complaint by bifurcating briefing between venue and dispositive issues is not justified.

At the outset, Defendants are mistaken in describing the claims in *Patterson* and this case as "substantively identical." Mot. 2. Although both cases arise out of the collapse of the Terra ecosystem, the claims in each case are fundamentally incompatible. The plaintiffs in *Patterson* allege that the crypto-assets issued by the Terra ecosystem, many of which are at issue in this case, "are securities within the meaning of §2(a)(1) of the Securities Act, 15 U.S.C. §77b(a)(1)." *Patterson*, No. 22-cv-3600 (N.D. Cal. Feb. 23, 2023), ECF No. 102 ¶ 246 (emphasis added). Here, by contrast, Plaintiff alleges that each crypto-assets at issue was a "swap or otherwise a contract

of sale of any commodity in interstate commerce," within the meaning of the CEA (emphasis added). Compl. ¶¶ 106–07. These two mutually exclusive sets of allegations are incompatible, and therefore consolidating the claims in this action with those in *Patterson* makes little sense.[2] Moreover, the parties do not significantly overlap between the two actions, as Jump Trading is merely one among seven defendants in *Patterson*, whereas Defendant Kariya is not even a party to *Patterson*.

Defendants are unlikely to carry their burden for transfer under 28 U.S.C. §1404(a). To prevail, a movant "must show that (1) venue is proper in this District; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). Defendants cannot meet this test for three reasons.

*First*, although venue is plainly proper in *this* District under 28 U.S.C. §1391(b), (c) and 7 U.S.C. §25(c) because Defendants are at home here and took actions giving rise to Plaintiff's claims from this District, Defendants are *unlikely* to establish proper venue in the Northern District of California. No Defendant resides there, 28 U.S.C. §1391(b)(1); it is not apparent that a substantial part of the relevant conduct to *this* lawsuit took place there or that a substantial part of property that is subject to this action is situated there, *id.* §1391(b)(2); and this "action may otherwise be brought" in this District, *id.* §1391(b)(3). Indeed, Defendants concede they are actively *contesting* venue in the Northern District of California by attempting to compel arbitration in Singapore (under an agreement to which they are not signatories). *See* Mot. 2; *Patterson*, No.

---

[2] *See* 7 U.S.C. § 1a(47)(B) (excluding contracts subject to the securities laws from the definition of "swap"); *INTL FCStone Fin., Inc. v. Jacobson*, 2019 WL 2356989, at *7 (N.D. Ill. June 4, 2019) ("[S]ecurities and commodity futures and options are distinct—so distinct that Congress has erected different regulatory regimes and enforcement agencies for the different financial products." (citing *Chicago Mercantile Exch. v. S.E.C.*, 883 F.2d 537, 539 (7th Cir. 1989)).

22-cv-3600 (N.D. Cal. May 2, 2023), ECF No. 114; *Auto. Mechanics Loc. 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) (following "majority rule" that "a motion seeking dismissal based on a forum selection clause, including an arbitration clause, is better conceptualized as an objection to venue"). Defendants cannot credibly argue to this Court that venue properly lies in the Northern District of California while they are simultaneously arguing elsewhere that venue *actually* belongs in Singapore. In light of Jump Trading's current position that venue is improper in the transferee district, its prospective motion to transfer venue would fail.

*Second*, Defendants cannot make the required showing "that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). Factors relevant to the convenience analysis "include the plaintiff's choice of forum, the situs of the material events, the convenience of the parties and witnesses, and the relative ease of access to evidence." *Dale v. Deutsche Telekom AG*, 2022 WL 6123365, at *2 (N.D. Ill. Oct. 7, 2022). Even in a class action involving an out-of-state plaintiff, the plaintiff's choice of forum is still afforded some deference. *See Dale v. Deutsche Telekom AG*, 2022 WL 6123365, at *3 (N.D. Ill. Oct. 7, 2022) ("The nationwide class [the plaintiffs] seek to represent is of course scattered throughout the country, but presumably benefits from any lessened burden imposed on their representatives."). With respect to witnesses and evidence, Defendant Jump Trading last year took the position in a motion to transfer venue in *Albright v. Terraform Labs, Pte. Ltd.* that "witnesses and documents" concerning the same events underlying this action "are not apparently concentrated in … California." Ex. 1, No. 22-cv-7281 (S.D.N.Y. Oct. 21, 2022), ECF No. 28, at 9. Defendants cannot flip-flop and take the opposite position now.

4

*Third*, the interests of justice would not be served by transfer. This "public interest analysis focuses on the efficient administration of the court system, rather than the private considerations of the litigants," and considers "the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Dale*, 2022 WL 6123365, at *2 (internal quotation marks omitted). None of these factors favors transfer.

With respect to speed, Defendants' focus on the time from filing to trial is less relevant than the time *from filing to disposition*, which favors this District. For the 12-month period ending March 31, 2023, the median time from filing to disposition of civil cases in this District was 6.7 months, as compared to 7.5 months in the Northern District of California. *See* https://www.uscourts. gov/sites/default/files/data_tables/ fcms_na_distprofile0331.2023.pdf. To the extent this Court looks to when the operative complaint was filed in *Patterson*, it was filed in February 2023, and Jump Trading's motion to dismiss it was filed approximately three weeks ago. Accordingly, any expected timing difference from filing of the operative complaint to disposition is limited and favors this District. Defendants' contention that "Plaintiff could have brought this suit" earlier ignores Plaintiff's allegation that Defendants' successfully concealed their price manipulation at the heart of this case until February 2023. Compl. ¶¶ 77–80. In any event, Plaintiff will move expeditiously in prosecuting this case, and it appears Defendants are likewise committed to moving it forward promptly, which again counsels against transfer.

The remaining interest-of-justice factors also disfavor transfer. The Northern District of California has no special familiarity with Commodity Exchange Act claims as compared to this Court, and in fact, it appears that the Seventh Circuit has addressed *far* more Commodity Exchange Act claims than the Ninth Circuit. *See* Ex. 2 (Westlaw report indicating that the term "Commodity

5

Exchange Act" is cited in 489 cases in the Northern District of Illinois, as compared to only 59 cases in the Northern District of California). In addition, as to the claim for unjust enrichment under Illinois law asserted in this action, a Northern District of Illinois court would be expected to be far more familiar with such a claim than a court sitting in the Northern District of California. In short, the Northern District of California has no connection to this case apart from the *Patterson* case, while this District has a substantial interest in holding one of its major companies and another of its residents to account for causing billions of dollars in losses through alleged price manipulation.

Defendants' reliance on the general rule that "[a] court must consider the substance of a claim over the form" is misplaced. Mot. 5 (quoting *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 916 (N.D. Ill. 2009)). In *Jaramillo*, the district court held that claims for breach of contract and violations of Illinois consumer fraud laws were sufficiently similar to federal racketeering claims in a first-filed action to support transfer. 664 F. Supp. 2d at 916. Unlike here and in *Albright*, there was no concern in *Jaramillo* that the claims in the second action were incompatible with the claims in the first. Indeed, the difference between CEA claims and securities claims is not merely formal but substantive. *See supra* note 2. In any event, for the reasons stated above, the factors cited in *Jaramillo* overwhelmingly militate against transferring this action to the Northern District of California.

Finally, in *Albright v. Terraform Labs, Pte. Ltd.*, No. 22-cv-7281 (S.D.N.Y. Oct. 21, 2022), District Judge Rakoff rejected a similar motion by Defendant Jump Trading to transfer that case to the Northern District of California for consolidation with *Patterson*.[3] 2022 WL 16985806, at

---

[3] Plaintiff cites *Albright*, not because it is binding, but because it is persuasive authority that may be considered by this Court.

6

*5. Judge Rakoff held that there was no presumption in favor of transfer because the *Albright* plaintiff's racketeering claims were incompatible with the *Patterson* plaintiff's securities claims and thus "the relevant issues [were] exceptionally different." *Id.* at *3. Judge Rakoff further held that, in any event, the balance of Section 1404(a) factors weighed against transfer because the plaintiff's choice of forum deserved some weight, "the parties and relevant witnesses are located all across the globe," "only one of the defendants still remaining in the action … [was] located in California," and the issues in the two cases were "emphatically not the same." *Id.* at *4–5 (emphasis in original). Judge Rakoff's reasoning applies with even greater force here because no party resides in California and both Defendants are at home in this District.

Moreover, in its briefing to Judge Rakoff in *Albright*, Defendant Jump Trading argued for transfer because "witnesses and documents are not apparently concentrated in either New York or California." Ex. 1, at 9. By contrast, *many* of the witnesses and documents relevant to this case are presumably concentrated in this District, given that this is where Defendant Jump Trading is based and Defendant Kariya resides. Likewise, in *Albright*, Jump Trading argued that "Plaintiff does not allege that any wrongdoing took place in [the Southern District of New York]." *Id.* at 11. By contrast, Plaintiff here alleges that Defendants' wrongdoing occurred in this District. Compl. ¶¶ 17–18. In *Albright*, Jump Trading argued "[t]he availability of process to compel witnesses and the forum's familiarity with the underlying law are neutral factors," as between the Southern District of New York and the Northern District of California. Ex. 1, at 11. By contrast, that rationale for granting transfer is entirely inapposite here, given many of the witnesses are expected to be located in this District, which is where Jump Trading and numerous employees reside. In *Albright*, Jump Trading argued that "both districts are in equally appropriate positions to determine the questions of law present in both actions." *Id.* But, as noted above, the Seventh Circuit appears

7

more familiar with Commodity Exchange Act claims than the Ninth Circuit, and likewise for Illinois state law claims. Thus, Jump Trading's own arguments in *Albright* provide ample grounds to deny their motion to transfer venue here.

Because Defendants' proposed transfer motion is unlikely to succeed, there is not good cause to stay Defendants' obligation to respond to the complaint or to otherwise bifurcate briefing between venue and dispositive issues. *Cf. Hinrichs v. Bosma*, 440 F.3d 393, 402–03 (7th Cir. 2006) (denying a stay pending appeal where the movant failed to show a likelihood of success on the merits).

## **CONCLUSION**

For the above reasons, Plaintiff respectfully requests that the Court deny the Motion insofar as it seeks to bifurcate briefing on venue from Defendants' filing of a Rule 12(b)(6) motion or a motion to compel arbitration. Defendants should file their responsive motions on a single date.

| | |
|---|---|
| Dated: May 25, 2023 | Respectfully submitted, |

        SELENDY GAY ELSBERG PLLC

        */s/ Jordan A. Goldstein*
        Jordan A. Goldstein
        Oscar Shine
        Babak Ghafarzade
        1290 Avenue of the Americas, 17th Floor
        New York, NY 10104
        jgoldstein@selendygay.com
        oshine@selendygay.com
        bghafarzade@selendygay.com

        ROBBINS GELLER RUDMAN & DOWD LLP
        Brian E. Cochran
        200 S. Wacker Drive, 31st Floor
        Chicago, IL 60606
        bcochran@rgrdlaw.com

        Chad Johnson
        Noam Mandel
        Jonathan Zweig
        420 Lexington Avenue, Suite 1832
        New York, NY 10170
        chadj@rgrdlaw.com
        noam@rgrdlaw.com
        jzweig@rgrdlaw.com

        Eric I. Niehaus
        655 West Broadway, Suite 1900
        San Diego, CA 92101-8498
        ericn@rgrdlaw.com

        *Attorneys for Plaintiff and the Proposed Class*