UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Taewoo Kim

                                          Plaintiff,

v.                                                                         Case No.: 1:23−cv−02921
                                                                                      Honorable Nancy L. Maldonado

Jump Trading, LLC, et al.

                                          Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, July 18, 2023:

      MINUTE entry before the Honorable Nancy L. Maldonado: Plaintiff's motion for leave to file a sur−reply [36] is denied. The decision of whether to grant leave to file a sur−reply is within the Court's discretion. See Johnny Blastoff, Inc. v. L.A. Rams, 188 F.3d 427, 439 (7th Cir.1999). While a sur−reply may be warranted when the moving party raises new arguments in a reply brief, there is no need for a sur−reply when "[e]ach brief in the sequence on the motion fairly responded to the arguments in the brief that preceded it." Franek v. Walmart Stores, Inc., 2009 WL 674269, at * 19 n. 14 (N.D. Ill. Mar.13, 2009). Here, the Court finds the sur−reply unnecessary. Contrary to Plaintiff's argument, the Court does not find that Defendants raised a new argument for the first time in their reply. Rather, Defendants arguments in reply on the issue of personal jurisdiction and venue are directly responsive to arguments raised by Plaintiff in their response. It is true that Defendants' opening motion only mentioned personal jurisdiction and venue in a cursory manner, but this is not the same as saying they ignored the issue entirely and only raised it for the first time in reply. It is not Defendants' responsibility to anticipate and preempt in their opening motion every argument Plaintiff will make in its response. The fact that Defendants expanded on the personal jurisdiction and venue issues in their reply is appropriate to respond to the matters that were put at issue in Plaintiff's response. In short, the Court finds that Defendants' reply fairly responded to the arguments in Plaintiff's response, and their reply was not an improper attempt to raise new arguments. A sur−reply is therefore unnecessary. Briefing on the motion to transfer is closed, and the Court will rule via CM/ECF. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.