## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| TAEWOO KIM, KASHYAP PATEL, KERRY WOOLLEY, and KEN WORSHAM, Individually and on Behalf of All Others Similarly Situated, <br><br>         Plaintiff, <br><br>   v. <br><br> JUMP TRADING, LLC, JUMP CRYPTO HOLDINGS, LLC (f/k/a 1HOLD1 LLC), KANAV KARIYA, and WILLIAM DISOMMA, <br><br>         Defendants. | No. 1:23-cv-02921 <br><br> Hon. Joan H. Lefkow |

## PARTIALLY OPPOSED MOTION FOR ENTRY OF BRIEFING SCHEDULE, TO HOLD DEFENDANTS' MOTION TO DISMISS IN ABEYANCE, AND LEAVE TO EXCEED BRIEF PAGE LIMIT

Defendants Jump Trading, LLC ("Jump Trading"), Jump Crypto Holdings LLC ("Jump Crypto"), Kanav Kariya, and William DiSomma (together "Defendants"), by and through their attorneys, hereby jointly move the Court for entry of a previously Court-approved briefing schedule for Defendants' forthcoming motion to compel arbitration and motion to dismiss Plaintiffs' Amended Complaint. Further, Defendants request that the Court modify that schedule to hold in abeyance Defendants' motion to dismiss pending resolution of Defendants' forthcoming motion to compel arbitration. Finally, Defendants request leave to exceed the brief page limit.

### I.     Request for Entry of Previously Court-Approved Briefing Schedule

On June 9, 2023, Defendants Jump Trading and Mr. Kariya, then the only defendants, moved to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a) (the "Motion to Transfer"). Dkt. No. 28. The Court denied the Motion to Transfer on June 6,

2024, and directed Defendants to answer or otherwise plead with respect to Plaintiff's Complaint within 21 days from the date of the Order. Dkt. No. 48.

On June 13, 2024, Defendants Jump Trading and Mr. Kariya and Plaintiff Taewoo Kim[1] jointly moved the Court for the entry of a briefing schedule for Defendants Jump Trading and Mr. Kariya's anticipated motion to compel arbitration and motion to dismiss, including a future briefing schedule in the event Plaintiff Mr. Kim amended his complaint following the filing of those motions, as permitted under the Federal Rules of Civil Procedure 15(a)(1)(B). Dkt. No. 49. This future briefing schedule for an amended complaint provided that Defendants Jump Trading and Mr. Kariya would file their motion to compel arbitration and motion to dismiss the Amended Complaint on or before September 26, 2024; Plaintiff Mr. Kim would file his oppositions to these motions on or before November 12, 2024; and Defendants Jump Trading and Mr. Kariya would file their replies, if any, in further support of their motions on or before December 12, 2024. *Id.*

On June 14, 2024, the Court entered a minute order adopting the parties' proposed briefing schedule as to the initial motion to compel arbitration and motion to dismiss. Dkt. No. 50. The Court further noted that, "[i]n the event Plaintiff files an amended complaint within the time provided under Rule 15(a)(1)(B), the Court ***will enter the parties' proposed alternative briefing schedule*** at that time." *Id.* (emphasis added).

Plaintiffs filed their Amended Complaint on August 9, 2024. Dkt. No. 60. Defendants[2] thus respectfully request that the Court now enter the following previously approved schedule, per

---

[1] Mr. Kim was the sole plaintiff in the case at the time.

[2] In the interest of streamlining briefing and efficiency, newly added Defendants Jump Crypto and Mr. DiSomma agree to the previously agreed schedule, though Mr. DiSomma's time to respond to the Amended Complaint would otherwise be longer than the requested schedule given his agreement to waive service pursuant to Federal Rule of Civil Procedure 4. In the event that the Court denies this request for entry of the previously agreed-upon briefing schedule and/or the requested increase in page limits, Mr. DiSomma

the Court's June 14, 2024, Minute Order that it would do so in the event of a timely Amended Complaint:

- Defendants shall file their motion to compel arbitration and motion to dismiss the Amended Complaint on or before **September 26, 2024**;

- Plaintiffs shall file their oppositions to these motions concerning the Amended Complaint on or before **November 12, 2024**;

- Defendants shall file their replies, if any, in further support of their motions concerning the Amended Complaint on or before **December 12, 2024**.

Plaintiffs have informed Defendants that they consent to this relief.

## II. Request to Hold Motion to Dismiss Deadline in Abeyance

In addition, Defendants request that the Court modify the schedule above to hold in abeyance their deadline to move to dismiss Plaintiffs' Amended Complaint and permit Defendants to solely move to compel arbitration of the Amended Complaint at this time, in the interest of efficiency and conserving the resources of the parties and the Court.

Defendants' motion to compel arbitration—regardless of the outcome—will substantively alter proceedings in this case, and a motion to dismiss the Amended Complaint would only be relevant (if ever) after the final resolution of the motion to compel arbitration. Should Defendants prevail on the motion to compel arbitration, a motion to dismiss the Amended Complaint will not be necessary. Should Defendants not prevail, Defendants anticipate appealing that denial, which would automatically stay proceedings in this case under the Supreme Court's decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). A motion to dismiss would be relevant only if Defendants

---

requests that, in light of his agreement to waive service, he be permitted 60 days to respond to the Amended Complaint from the date of his waiver, as provided for in Federal Rule of Civil Procedure 4.

ultimately did not prevail at the end of the appellate process. If needed, the parties could brief any motion to dismiss at that time.

Defendants Jump Trading and Mr. Kariya have already moved to dismiss a complaint in this case. Before so moving, in an effort to avoid unnecessary briefing, counsel for Jump Trading and Mr. Kariya asked counsel for Mr. Kim if he intended to amend his complaint. Counsel for Mr. Kim did not commit at that time to amending the complaint and, as a result, Defendants expended significant resources preparing motions to compel arbitration and to dismiss with respect to the then-operative complaint. Thereafter, Plaintiff Mr. Kim amended the complaint. While that approach comports with the Rules, it has undeniably resulted in a significant waste of Defendants Jump Trading and Mr. Kariya's resources in briefing motions that were immediately mooted. Holding Defendants' motion to dismiss the Amended Complaint in abeyance pending their forthcoming motion to compel arbitration would avoid further waste of resources—not only by the Defendants but also by Plaintiffs and the Court—in briefing a motion to dismiss that again would not be relevant for at least a significant period of time, if ever. While Defendants Jump Trading and Mr. Kariya previously proceeded with their motion to compel arbitration and motion to dismiss simultaneously, given the resources expended already in briefing those now mooted motions (which could have been avoided had Plaintiff Mr. Kim amended his complaint prior to briefing), Defendants seek to avoid further wasted resources by holding their motion to dismiss in abeyance.

Plaintiffs have informed Defendants that they oppose Defendants' request to hold in abeyance the deadline to move to dismiss the Amended Complaint.

### III.     Request for Leave to Exceed Brief Page Limits

The parties' June 13, 2024, motion also included a request for leave to exceed brief page limits, which the Court granted, permitting Defendants Jump Trading and Mr. Kariya's opening motion to compel and motion to dismiss each to be no more than 25 pages, Plaintiff Mr. Kim's oppositions to each motion to be no more than 25 pages, and Defendants Jump Trading and Mr. Kariya's replies to each motion to be no more than 15 pages.  *See* Dkt. Nos. 49, 50.

In the interest of avoiding duplicative briefing, Defendants intend to file a single joint motion to compel arbitration and (should the Court not hold the motion to dismiss in abeyance) a single joint motion to dismiss the Amended Complaint.  Plaintiffs' Amended Complaint has added three additional plaintiffs and two additional defendants, which Defendants believe may give rise to additional arguments in both motions.  Thus, Defendants respectfully request leave to file a single motion to compel arbitration and single motion to dismiss (if required) of 35 pages each.

Plaintiffs have informed Defendants that they do not consent to this request but would consent to an expansion of the page limits to either 30 pages should all Defendants join in a single motion to compel arbitration and single motion to dismiss or 25 pages for joint motions filed on behalf of Jump Trading, Jump Crypto, and Mr. Kariya.

Defendants thus respectfully request that the Court:

(1) Enter the briefing schedule previously endorsed by the Court requiring:

- Defendants to file their motion to compel arbitration and motion to dismiss the Amended Complaint on or before **September 26, 2024**;

- Plaintiffs to file their oppositions to these motions concerning the Amended Complaint on or before **November 12, 2024**; and

5

- Defendants to file their replies, if any, in further support of their motions concerning the Amended Complaint on or before **December 12, 2024**;

(2) Hold in abeyance the deadline for Defendants' motion to dismiss the Amended Complaint, pending final resolution (including, as appropriate, appeals) of their motion to compel arbitration; and

(3) Grant leave to Defendants to file a single motion to compel arbitration and single motion to dismiss each comprising 35 pages.

Dated:     August 19, 2024                          Respectfully submitted,


ZUCKERMAN SPAEDER LLP                    KOBRE & KIM LLP
*/s/ R. Miles Clark*                              */s/ Jonathan D. Cogan*

R. Miles Clark (admitted *pro hac vice*)         Jonathan D. Cogan
Aitan Goelman (*pro hac vice* forthcoming)       Steven W. Perlstein (admitted *pro hac vice*)
Christopher R. MacColl (*pro hac vice*           Igor Margulyan (*pro hac vice* forthcoming)
forthcoming)                                      800 Third Avenue
1800 M Street, NW, Suite 1000                     New York, NY 10022
Washington, DC 20036                              Telephone: (212) 488-1200
Telephone: (212) 778-1800                         steven.perlstein@kobrekim.com
agoelman@zuckerman.com                            jonathan.cogan@kobrekim.com
mclark@zuckerman.com                              igor.margulyan@kobrekim.com
cmaccoll@zuckerman.com
                                                  Erika L. Berman (admitted *pro hac vice*)
Michael Frisch (Bar No. 6296533)                  1919 M Street, NW
CROKE FAIRCHILD DUARTE & BERES                    Washington, DC 20036
180 N. LaSalle St., Suite 3400                    Telephone: (202) 664-1900
Chicago, IL 60601                                 erika.berman@kobrekim.com
Telephone: (847) 530-7419
mfrisch@crokefairchild.com                        Olivia St. Clair Long (Bar No. 6301704)
                                                  O. LONG LAW LLC
*Attorneys for Defendant Kanav Kariya*            820 Davis St., Suite 452
                                                  Evanston, IL 60201
KRIEGER LEWIN LLP                                 Telephone: (847) 556-8846
                                                  olivia@olonglaw.com
*/s/ Paul M. Krieger*
Paul M. Krieger (*pro hac vice* forthcoming)      *Attorneys for Defendants Jump Trading, LLC*
Jonathan F. Bolz (*pro hac vice* forthcoming)     *and Jump Crypto Holdings LLC*
350 Fifth Avenue, 77th Floor

New York, NY 10118
Telephone: (212) 390-9550
Paul.Krieger@KriegerLewin.com
Jonathan.Bolz@KriegerLewin.com

*Attorneys for Defendant William DiSomma*