**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TAEWOO KIM, *et al.*,<br>Plaintiffs,<br>vs.<br>JUMP TRADING, LLC, *et al.*,<br>Defendants. | Case No. 1:23-cv-02921<br><br>Hon. Georgia N. Alexakis |

# JOINT STATUS REPORT

Pursuant to the Court's June 5, 2025, Docket Entry (Dkt. 108), Plaintiffs Taewoo Kim, Kashyap Patel, Kerry Woolley, and Ken Worsham, together with Defendants Jump Trading, LLC ("Jump Trading"), Jump Crypto Holdings LLC ("Jump Crypto"), Kanav Kariya, and William DiSomma jointly submit this status report following the Seventh Circuit's decision in *Kim v. Jump Trading, LLC*, --- F.4th ----, 2026 WL 2348464 (7th Cir. Aug. 13, 2026).

## I. Procedural History

Plaintiffs filed their first complaint on May 9, 2023. Dkt. 1. The case was assigned to the Honorable Nancy Maldonado. Defendants moved to transfer venue to the Northern District of California, Dkt. 28 (June 9, 2023), and Judge Maldonado denied the motion. Dkt. 48, 2024 WL 2863331 (N.D. Ill. June 6, 2024). By minute entry dated July 3, 2024, Judge Maldonado stayed discovery pending a resolution of motions to dismiss and to compel arbitration that Defendants Jump Trading and Kariya anticipated filing at that time. Dkt. 52.

After Judge Maldonado's elevation to the U.S. Court of Appeals for the Seventh Circuit, the case was reassigned to the Honorable Joan Lefkow. Dkt. 53 (July 10, 2024). Defendants moved to compel arbitration and to dismiss on July 22, 2024. Dkts. 55, 56. In response, Plaintiffs amended their complaint as of right. Dkt. 60 (Aug. 9, 2024). On August 23, 2024, the case was reassigned

to this Court, Dkt. 72, and the Court denied Defendants' pending motions as moot. Dkt. 76 (Sep. 4, 2024).

The Court set a briefing schedule on Defendants' motion to compel arbitration and directed that Defendants' anticipated motion to dismiss the Amended Complaint would not be briefed at that time. *Id.* Defendants renewed their motion to compel arbitration on September 26, 2024. Dkt. 82. The Court denied the motion. Dkt. 98, 2025 WL 1359136 (N.D. Ill. May 9, 2025).

On May 23, 2025, the parties submitted a joint status report indicating that Defendants were likely to appeal the Court's decision and explaining that Defendants would seek a stay of all proceedings if they did so. Dkt. 102. Defendants noticed their appeal of the Court's denial of their motion to compel arbitration on June 3, 2025, Dkt. 104, and moved orally for a stay under *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023), during a hearing the following day, Dkt. 109 at 17–18. The Court granted the motion. Dkt. 108. The parties then litigated Defendants' arbitration appeal before the Seventh Circuit, and on August 13, 2026, that court affirmed this Court's decision in an opinion by the Honorable Frank Easterbrook. 2026 WL 2348464, at *6.

**II. Plaintiffs' Position**

Plaintiffs intend to amend their complaint and believe that good cause exists for an amendment. The operative complaint was filed on August 9, 2024, Dkt. 60, and since that time, there have been significant further events and proceedings relevant to this case. Among those events are the superseding criminal indictment, guilty plea, and sentencing of the former head of Terraform Labs, Do Kwon, *see generally United States v. Do Hyeong Kwon*, No. 1:23-cr-00151 (S.D.N.Y.), as well as an enforcement action by the U.S. Securities and Exchange Commission (the "<u>Commission</u>") against Tai Mo Shan Limited, a wholly owned subsidiary of Jump Crypto, which was required to pay more than $123 million in penalties, disgorgement, and interest to the Commission, *Tai Mo Shan Ltd.*, Securities Act Release No. 11,349, 2024 WL 5198136, at *2, *4

(S.E.C. Dec. 20, 2024). Plaintiffs will seek leave to file their Second Amended Complaint within 30 days of the mandate returning to this Court.[1]

Following the filing of Plaintiffs' anticipated Second Amended Complaint, Plaintiffs will file a motion with this Court to lift the current discovery stay. As Plaintiffs will explain in that forthcoming motion, the sole or principal basis for imposing the current stay—the pendency of a motion to compel arbitration—no longer applies, and the stay should accordingly be lifted.[2] *See* Dkts. 52, 108; *see also Bilek v. Am.'s Health Ctr. Inc.*, 2021 WL 10298831, at *3 (N.D. Ill. July 30, 2021) ("A motion to dismiss for failure to state a claim under Rule 12(b)(6) is usually insufficient," standing alone, for a stay); *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007) ("[D]efendants must assert something more than the mere existence of a motion to dismiss to support a claim of good cause to request a complete stay of discovery.").

## III. Defendants' Position

Defendants are considering filing a petition for a writ of certiorari with the United States Supreme Court because the two issues that the Seventh Circuit resolved on appeal regarding delegation clauses in arbitration agreements and federal common law on equitable estoppel are subject to a Circuit split. *See*, *e.g.*, *Kim*, 2026 WL 2348464, at *5 (recognizing that "four circuits have held that federal common law provides the rule of equitable estoppel for agreements governed by Chapter 2" but joining the Fifth Circuit which held the opposite); *Newman v. Plains All Am.*

[1] During a meet and confer on August 19, 2026, Plaintiffs sought Defendants' consent to this amendment. Defendants refused to provide their consent before seeing the proposed Second Amended Complaint.

[2] Defendants below again attempt to yoke this case to *Patterson v. Terraform Labs, PTE*, 5:22-cv-03600-PCP (N.D. Cal.), notwithstanding that Judge Maldonado previously rejected their attempt to transfer this case to the Northern District of California for coordination with *Patterson*. *See* Dkt. 48 (June 6, 2024). In fact, Judge Maldonado expressly noted that the instant case would likely move faster than the then-stayed *Patterson* case. *Id.* at 13. In any event, the cases Defendants cite are readily distinguishable and numerous courts have held that Congress did not "inten[d] to prevent discovery in non-securities fraud cases simply because the cases share facts in common with securities fraud cases." *In re FirstEnergy S'holder Derivative Litig.*, 219 F.R.D. 584, 586–87 (N.D. Ohio 2004); *see also Kassover v. UBS A.G.*, 2008 WL 5395942, at *3 (S.D.N.Y. Dec. 19, 2008) (stay not appropriate merely because putative class action was "premised upon similar facts" as pending securities class action in the same venue).

*Pipeline, L.P.*, 44 F.4th 251, 254 (5th Cir. 2022) (Jones, J., dissenting) (noting the Circuit split over whether arbitrability questions involving nonsignatories fall within the scope of broad delegation provisions). In the event Defendants decide to petition for certiorari, they plan to move the Seventh Circuit to stay the mandate pending their filing of the petition and the Supreme Court's ruling on it. Defendants would file any such stay motion with the Seventh Circuit on or before September 3, 2026, which is the date on which the Seventh Circuit would issue the mandate returning jurisdiction to this Court. *See* Fed. R. App. P. 41(b).

Regarding Plaintiffs' intent to amend their complaint, Plaintiffs informed Defendants of that intent for the first time during the parties' meet and confer that took place yesterday, August 19, 2026, and Plaintiffs represented that their Amended Complaint was likely to include new parties. Although Plaintiffs already have used their one amendment as of right, Defendants indicated that they might not object to such an amendment and asked if Plaintiffs would be willing to share, in advance, a draft of their proposed amended complaint so that Defendants could determine whether they will object to it. Plaintiffs declined to commit to doing so. While Defendants may ultimately not object to Plaintiffs' amending their complaint for a second time, Defendants do not consent in the abstract to an amendment that they have not seen and respectfully reserve their right to oppose any motion to amend by the Plaintiffs.

In the event this case proceeds in the district court, Defendants anticipate opposing any motion by Plaintiffs to lift the current stay of discovery pending resolution of Defendants' anticipated Rule 12 motion to dismiss. Courts in this district recognize that while "[t]he mere filing of the motion does not automatically stay discovery…such stays are granted with substantial frequency" and "[n]umerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (collecting

cases). This is particularly the case because the factual allegations and putative class in this matter substantially—if not entirely—overlap with ongoing securities fraud litigations which are subject to an automatic stay of discovery under the PSLRA as well as other related matters for which discovery has been stayed during the pendency of defendants' motions to dismiss. *See*, *e.g.*, *Barney* v. *Zimmer Biomet Holdings, Inc.,* 2018 WL 11407332, at *3–4 (N.D. Ind. Aug. 21, 2018) (granting stay in employment discrimination case which dealt with related underlying facts to a securities case that had a PSLRA stay and collecting similar cases outside the Seventh Circuit).

Respectfully submitted,

Dated: August 20, 2026

SELENDY GAY PLLC

*/s/ Jordan A. Goldstein*
Jordan A. Goldstein
Oscar Shine
1290 Avenue of the Americas, 20th Floor
New York, NY 10104
Telephone: (212) 390-9000
jgoldstein@selendygay.com
oshine@selendygay.com

JOHNSON VAN KWAWEGEN LLP

Chad Johnson
Jonathan Zweig (admitted *pro hac vice*)
485 Madison Avenue, 15th Floor
New York, NY 10022
Telephone: (646) 836-9630
chad@jvk-law.com
jonathan@jvk-law.com

*Attorneys for Plaintiffs and the Proposed Class*

KOBRE & KIM LLP

*/s/ Jonathan D. Cogan*
Jonathan D. Cogan
Steven W. Perlstein (admitted *pro hac vice*)
Igor Margulyan (admitted *pro hac vice*)
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
jonathan.cogan@kobrekim.com
steven.perlstein@kobrekim.com
igor.margulyan@kobrekim.com

*Attorneys for Defendants Jump Trading, LLC and Jump Crypto Holdings LLC*

ZUCKERMAN SPAEDER LLP

*/s/ R. Miles Clark*
R. Miles Clark (admitted *pro hac vice*)
Aitan Goelman (admitted *pro hac vice*)
Christopher R. MacColl (admitted *pro hac vice*)
2100 L Street, NW, Suite 400
Washington, DC 20037
Telephone: (212) 778-1800
agoelman@zuckerman.com

mclark@zuckerman.com
cmaccoll@zuckerman.com

Michael Frisch (Bar No. 6296533)
CROKE FAIRCHILD DUARTE & BERES
180 N. LaSalle St., Suite 3400
Chicago, IL 60601
Telephone: (847) 530-7419
mfrisch@crokefairchild.com

*Attorneys for Defendant Kanav Kariya*

KKL LLP

*/s/ Paul M. Krieger*
Paul M. Krieger (admitted *pro hac vice*)
Rebecca S. Tinio (*pro hac vice* forthcoming)
Jonathan F. Bolz (admitted *pro hac vice*)
Benjamin W. Perotin (*pro hac vice* forthcoming)

350 Fifth Ave. Ste. 7710
New York, NY 10118
Telephone: (212) 390-9552
Paul.Krieger@KKLllp.com
Rebecca.Tinio@KKLllp.com
Jonathan.Bolz@KKLllp.com
Ben.Perotin@KKLllp.com

*Attorneys for Defendant William DiSomma*